358 A.2d 676.

STATE *vs.* DENIS CARPENTIER.

JUNE 9, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The defendant Denis Carpentier's application for post-conviction relief from sentences imposed in the Superior Court on three indictments, each charging uttering and publishing, was denied and he appeals. In our judgment the teachings of *Santobello* v. *New York*, 404 U. S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), were misapplied by the trial justice and the relief sought should have been granted.

In *Santobello,* the defendant withdrew a previous not guilty plea and pleaded guilty to a lesser-included offense in return for the prosecutor's agreement to make no recommendation as to sentence. When several months thereafter the defendant appeared for sentencing, a different prosecutor recommended the maximum sentence for the offense pleaded to and it was the sentence imposed. In condemning the prosecutor for having broken his bargain, the Supreme Court said that "* * * when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In this case Carpentier appeared in the Superior Court on March 6, 1972, apparently prepared to go to trial on his not guilty pleas to the three uttering and publishing indictments. Following the impaneling of a jury, Carpentier's counsel advised the trial justice that his client would "like to consider changing his plea[s]," that he and

460

two representatives of the Attorney General's department had discussed the instant indictments as well as several other charges against Carpentier, and "* * * that on the multiple list of charges, Mr. DeRobbio [an assistant attorney general] was prepared to recommend a three year sentence with some form of a hold on the Defendant, either in terms of a deferred or a suspended sentence after the expiration of that particular three year sentence * * *."

Thereupon, the trial justice advised Carpentier that he "* * * might agree with the Attorney General's recommendation and give you three years to serve, and some suspended time on another * * *," but warned that final disposition would "* * * largely depend on what the presentence report shows, and if you have a lot of other cases you want to get up here to dispose of, it would somewhat depend on what they showed. No bargains, in other words; no commitments. * * * With that in mind, if you wish to plead, I'll take the plea." Then, after questioning Carpentier to ascertain that he was acting knowingly, intelligently and voluntarily, he agreed to permit the substitution of guilty pleas.

When the three uttering and publishing cases as well as others to which Carpentier had pleaded nolo were called for disposition on May 26, 1972, the prosecuting attorney, without even a passing reference to the department's prior commitment to Carpentier, recommended "substantial jail in all these matters." The trial justice then imposed four concurrent 10-year sentences on breaking and entering charges, 10-year sentences on two of the uttering and publishing indictments to run concurrently with those already given, and on the third uttering and publishing indictment a 10-year suspended sentence with 10 years' probation to begin on Carpentier's release from confinement. Before he could proceed further with sentencing on the other offenses scheduled for disposal that

day, Carpentier interrupted and claimed, in substance, that he had pleaded guilty to the uttering and publishing indictments in the belief that he would be sentenced to 3 years on all charges then or about to become pending against him.

After disclaiming any participation in the plea bargaining arrangement, the trial justice allowed Carpentier to withdraw his nolo pleas on the breaking and entering charges as well as on the other charges on which sentence had not as yet been imposed. He refused, however, to allow a withdrawal of the guilty pleas to the uttering and publishing indictments, and he then in effect vacated the sentences just entered with respect to those indictments and resentenced Carpentier on one indictment to serve a 10-year term of imprisonment, on a second to a 10-year suspended sentence with 10 years' probation to begin upon release, and on the third to a deferred sentence.

At the hearing on Carpentier's application for post-conviction relief, the same trial justice who presided at each of the earlier proceedings rejected Carpentier's argument that he had been illegally sentenced, and again refused to allow him to withdraw his guilty pleas and to stand trial on the three indictments.

The state concedes that the prosecutor's agreement to recommend a 3-year sentence plus "some form of a hold" induced Carpentier to plead guilty, but disputes Carpentier's contention that the prosecutor's subsequent recommendation at the sentence hearing of a "substantial" jail term constituted a breach of the earlier agreement. Its basis for that contention is that Carpentier, like any other defendant who engages in plea bargaining, did so not so much for the prosecutor's sentencing recommendation as for the impact that recommendation would have upon the sentencing judge. It further argues that nothing in this record in any way indicates that the trial justice here was

in fact influenced by the prosecutor's recommendation of a substantial jail term rather than of a 3-year sentence.

We agree that this record clearly discloses that the trial justice's ultimate disposition of this case was in no way influenced by what the prosecutor had to say at either of the hearings and was to the contrary motivated entirely by Carpentier's extensive prior criminal record. But *Santobello* v. *New York, supra,* teaches that we need not consider the impact of a prosecutorial recommendation upon the sentencing judge whenever the interests of justice demand that a prosecutor not be allowed to renege on a sentencing agreement made in connection with a plea bargain. That is so in this case and, therefore, Carpentier should be given an opportunity to withdraw his pleas of guilty and go to trial on the three uttering and publishing indictments.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Gregory L. Benik,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *David L. Martin,* Asst. Public Defender, *Bruce G. Pollock,* Asst. Public Defender, for defendant.